IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL WILLIAMS,

        Plaintiff,                        No. CIV S-10-2043 JAM DAD P

    vs.

JOHN HAVLIN, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that defendant Nurse Brown was deliberately indifferent to his serious medical needs when he refused to provide plaintiff with insulin. Pending before the court are the parties' motions to compel. The court will address each in turn.

**DEFENDANT BROWN'S MOTION TO COMPEL**

        Defendant Brown has filed a motion to compel plaintiff to provide further responses to his "First Set of Interrogatories." Specifically, defendant Brown seeks further responses to interrogatory numbers 1, 3, 4, 5, and 7. Defendant's interrogatories and plaintiff's responses thereto are as follows:

        Special Interrogatory No. 1: Please state all facts which support your contention that defendant L.V.N. Brown violated your civil or constitutional rights.

1

<u>Response to Interrogatory No. 1</u>: Because the defendant L.V.N. Brown had acted with deliberate indifference to plaintiff's health and safety.  In doing so, violated plaintiff's Eighth Amendment right by depriving him his insulin shot.

<u>Special Interrogatory No. 3</u>: Please describe each incident involving defendant L.V.N. Brown that you contend constituted a violation of your civil or constitutional rights.

<u>Response to Interrogatory No. 3</u>: OBJECTION the request is compound, vague and ambiguous as to the phrase "each incident involving the defendant."  If defendant wants to know about the incident at hand, refer to 42 U.S.C. § 1983 civil complaint claim.

<u>Special Interrogatory No. 4</u>: Please state all facts that support your contention that you sustained injury or damage as a result of defendant L.V.N. Brown's acts or omissions.

<u>Response to Interrogatory No. 4</u>: Plaintiff was sweating profusely and was complaining of being queasy and somewhat incoherent.

<u>Special Interrogatory No. 5</u>: Please state all facts in support of your contention that you exhausted administrative remedies with regard to your claims against defendant L.V.N. Brown.

<u>Response to Interrogatory No. 5</u>: OBJECTION this request is argumentative, compound, and vague.  This question is all contained in the complaint pursuant to 42 U.S.C. § 1983 claim and is already been establish as admissible evidence of exhausted administrative remedies.

<u>Special Interrogatory No. 7</u>: Please identify all documents that support your contention that defendant L.V.N. Brown violated your civil or constitutional rights.

<u>Response to Interrogatory No. 7</u>: Please refer to interrogatory No. 1 and 2, and 42 U.S.C. § 1983 civil complaint claim.

In his motion to compel, counsel for defendant Brown argues that the discovery he seeks is relevant, but that plaintiff has failed to provide any substantive responses to the

/////

1  interrogatories propounded by defendant. Plaintiff has not opposed or otherwise responded to
2  defendant's motion.

3         Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain
4  discovery regarding any non-privileged matter that is relevant to any party's claim or defense."
5  Fed. R. Civ. P. 26(b). The court agrees with defense counsel that defendant Brown's
6  interrogatories seek relevant information from plaintiff. Specifically, defendant Brown has asked
7  plaintiff to elaborate on the factual basis underlying his deliberate indifference claim against
8  defendant Brown and his allegation that he has exhausted his administrative remedies.
9  Defendant Brown also asks plaintiff to identify any documents that support his deliberate
10 indifference claim. This information is central to the pending litigation. Plaintiff's responses are
11 vague and conclusory, and his objections to the propounded discovery lack merit. Under Rule 37
12 of the Federal Rules of Civil Procedure, the court may order further responses to "an evasive or
13 incomplete disclosure, answer, or response." See Fed. R. Civ. P. 37(a)(3). Accordingly, the
14 court will order plaintiff to provide further responses to defendant's interrogatory numbers 1, 3,
15 4, 5, and 7, reflecting a good faith effort on the part of plaintiff to provide the requested
16 information, within fourteen days of the date of service of this order.

17                   **PLAINTIFF'S MOTIONS TO COMPEL**

18        Plaintiff has filed two separate motions to compel. In his first motion to compel,
19 plaintiff seeks an order compelling the defendant to respond to his "First Request for Production
20 of Documents." Plaintiff contends that he attempted to serve defense counsel with his discovery
21 requests on January 31, 2011, and again on March 28, 2011. Plaintiff further contends that
22 defense counsel did not timely respond to his discovery requests. Plaintiff seeks sanctions
23 against the defendant in the amount of $300.00 on the grounds that the defendant has no
24 substantial justification for failing to timely respond to his "First Request for Production of
25 Documents."
26 /////

In opposition to plaintiff's motion to compel, defense counsel contends that he never received plaintiff's discovery requests allegedly served on January 31, 2011. In addition, defense counsel contends that he received plaintiff's discovery requests served on March 28, 2011 and timely responded to them. Defense counsel maintains that plaintiff's motion is baseless and asks the court to issue Rule 11 sanctions against him.

Under these circumstances, the court will deny plaintiff's motion to compel as moot. Even assuming that plaintiff properly served defense counsel with his "First Request for Production of Documents" on January 31, 2011, and defense counsel failed to respond to them, plaintiff's recourse was to file a motion to compel with the court. He did not. Instead, plaintiff re-served his "First Request for Production of Documents" on defense counsel on March 28, 2011. Defense counsel received plaintiff's discovery requests and timely responded to them. In this regard, there is nothing further for the court to compel.

The court will also deny both parties' requests for sanctions. The court has broad discretion to impose sanctions pursuant to Rule 37, but the court finds that sanctions are not warranted against defense counsel in this case. Plaintiff has not shown that counsel has violated any court orders or applicable rules, and as noted above, defense counsel ultimately responded to plaintiff's discovery requests. See Fed. R. Civ. P. 37. Likewise, the court finds that the imposition of sanctions under Rule 11 are not warranted against plaintiff. Plaintiff is proceeding pro se and in forma pauperis. The court does not find that his motion to compel was frivolous or filed for the improper purpose of harassing defendant Brown or improperly influencing this court. See Fed. R. Civ. P. 11(b).

Turning to plaintiff's second motion to compel, plaintiff seeks an order compelling defendant Brown to provide further responses to his "First Request for Production of Documents." Specifically, plaintiff seeks further responses to request for production of documents numbers 3 and 6. Plaintiff's requests and defendant's responses thereto are as follows:

4

1    <u>Request for Production of Documents No. 3</u>: Would like documentation of the
2 nurses log book from June 21, 2009 until June 30, 2009.

3    <u>Response to Request for Production of Documents No. 3</u>: Objection.  This request
4 is compound, vague and ambiguous as to the phrase "nurses log book."  Defendant further
5 objects that this request is violative of the attorney-client and/or work product protections, over
6 breadth, not relevant, nor likely to lead to the discovery of relevant admissible evidence.  It also
7 violates the privacy interests of third parties, the Official Information Privilege and is unduly
8 burdensome.  Subject to and without waiving these objections, Defendant responds as follows:

9    After diligent search and reasonable inquiry, Responding Party responds as
10 follows: there is no such "log."

11    <u>Request for Production of Documents No. 6</u>: Documentation of any and all CDCR
12 602-HC form complaints against L.V.N. Brown, in regards to handling of inmates and properly
13 distributing medication to prescribed inmates.

14    <u>Response to Request for Production of Documents No. 6</u>: Objection.  This request
15 is compound, vague and ambiguous as to the phrase "documentation."  Defendant further objects
16 that this request is violative of the attorney-client privilege and/or work product protections, over
17 breadth, not relevant, nor likely to lead to the discovery of relevant admissible evidence.  It also
18 violates the privacy interests of Defendant and third parties, the Official Information Privilege
19 and is unduly burdensome.  Subject to and without waiving these objections, defendant responds
20 as follows:

21    No such documents will be produced.

22    As an initial matter, plaintiff's second motion to compel is untimely.  Under the
23 court's discovery and scheduling order, the parties needed to file any motions to compel by May
24 13, 2011. Under the mailbox rule, plaintiff filed his motion on May 31, 2011.  Plaintiff has not
25 filed a motion for leave to act out of time, nor has he shown good cause to modify the scheduling
26 /////

order. See Fed. R. Civ. P. 16(f); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

Moreover, even if plaintiff had timely filed his second motion to compel, he does not appear to be entitled to relief. As to plaintiff's request for production of documents number 3, defendant Brown maintains that no such nurses log book exists. In his motion to compel, plaintiff has not demonstrated that a nurses log book, regardless of its content, exists and is available for production, copying, or inspection. This court cannot compel the defendant to produce documents or things that do not exist or are not in his possession or control. See Fed. R. Civ. P. 34(a)(1). See also United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) (a party seeking production of documents bears the burden of showing the opposing party has control over them). As to plaintiff's request for production of documents number 6, defendant Brown's objections are well taken. Plaintiff's request is overly broad in that it is wholly unlimited in time. In addition, plaintiff has not demonstrated how the complaints of other inmates against defendant Brown have any bearing on his Eighth Amendment claim. Defendant Brown's liability in this case, if any, will be based on the events plaintiff complains of and not based on propensity evidence or evidence of similar incidents which the federal rules of evidence generally prohibit. See Fed. R. Evid. 404(b).

Accordingly, for all of the foregoing reasons, the court will deny both of plaintiff's motions to compel.

**OTHER MATTERS**

Defendant Brown has requested an extension of time to file a dispositive motion in this matter. Specifically, the defendant seeks to have the deadline for the filing of dispositive motions continued until ninety days after the court rules on the parties' pending motions to compel. Good cause appearing, the court will grant defendant ninety days from the date of this order to file a dispositive motion.

/////

# CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Brown's motion to compel (Doc. No. 18) is granted;

2. Plaintiff shall serve further responses to defendant's interrogatory numbers 1, 3, 4, 5, and 7 within fourteen days of the date of this order;

3. Plaintiff's motion to compel (Doc. No. 19) is denied as moot;

4. Plaintiff's motion to compel (Doc. No. 22) is denied as untimely;

5. Defendant's motion for an extension of time to file a dispositive motion (Doc. No. 27) is granted; and

6. The parties shall file a dispositive motion, if any, within ninety days of the date of this order.

DATED: August 10, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will2043.mtc