IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL WILLIAMS,

    Plaintiff,                            No. CIV S-10-2043 JAM DAD P

    vs.

JOHN HAVLIN, et al.,

    Defendants.                      FINDINGS AND RECOMMENDATIONS

                                  /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants have filed objections to the motion for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Court.

**BACKGROUND**

          Plaintiff is proceeding on his original complaint against Licensed Vocational Nurse Brown. In his complaint, plaintiff alleges that he suffers from diabetes and that doctors have determined that he must receive insulin shots twice a day. Plaintiff further alleges that on June 29, 2009, prison medical staff failed to provide him with his insulin shot. According to plaintiff, when he informed defendant Nurse Brown of the situation, defendant Brown refused to

1

provide him with an insulin shot. Plaintiff claims that defendant Brown thereby demonstrated deliberate indifference to his serious medical needs in violation of the Eighth Amendment. In terms of relief, plaintiff seeks monetary damages. (Compl. at 3-6.)

**SUMMARY JUDGMENT STANDARDS UNDER RULE 56**

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the

allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken

as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**OTHER APPLICABLE LEGAL STANDARDS**

I. Civil Rights Act Pursuant to 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

II. The Eighth Amendment and Inadequate Medical Care

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

4

In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

1  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at
2  105-06).  See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere
3  negligence in diagnosing or treating a medical condition, without more, does not violate a
4  prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate
5  indifference is "a state of mind more blameworthy than negligence" and "requires 'more than
6  ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835
7  (quoting Whitley, 475 U.S. at 319).

8  Delays in providing medical care may manifest deliberate indifference.  Estelle,
9  429 U.S. at 104-05.  To establish deliberate indifference arising from delay in providing medical
10 care, a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057
11 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th
12 Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of
13 State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not
14 show his harm was substantial; however, such would provide additional support for the inmate's
15 claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091,
16 1096 (9th Cir. 2006).  See also McGuckin, 974 F.2d at 1060.

17 Finally, mere differences of opinion between a prisoner and prison medical staff
18 or between medical professionals as to the proper course of treatment for a medical condition do
19 not give rise to a § 1983 claim.  Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,
20 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662
21 F.2d 1337, 1344 (9th Cir. 1981).

22 **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
23 I.  Plaintiff's Motion
24 In his motion, plaintiff argues that defendant Nurse Brown violated his Eighth
25 Amendment rights by denying him his evening insulin shot on June 29, 2009.  Plaintiff contends
26 that he asked Correctional Officer Solo if a nurse was coming with his insulin because he felt

that his blood sugar was low. Correctional Officer Solo stated that the nurse had already come to the building. Plaintiff told Correctional Officer Solo that no one stopped at his cell door or called him out to receive his insulin shot. Correctional Officer Solo contacted medical personnel and informed them of the circumstances. According to plaintiff, defendant Nurse Brown came to his cell and told him it was too late to receive his insulin shot and noted that, in any event, he had heard that plaintiff always refuses his shot. Plaintiff concludes that he is entitled to summary judgment because defendant Brown did not follow proper protocol and violated his Eighth Amendment right to adequate medical care. (Pl.'s Mot. for Summ. J. at 1-5, 34-36.)

II. <u>Defendant Brown's Objections</u>

Counsel on behalf of defendant Brown has filed objections to plaintiff's motion for summary judgment on the grounds that plaintiff has failed to comply with Rule 56 of the Federal Rules of Civil Procedure and Rule 260(a) of the Local Rules of Court. Specifically, counsel contends that plaintiff has failed to provide a Statement of Undisputed Facts with his motion, leaving defendant Brown without the ability to adequately respond to plaintiff's motion. Counsel also contends that the version of the facts presented by plaintiff in his motion are not supported by admissible evidence. Instead, according to defense counsel, plaintiff uses conclusory and speculative remarks in place of admissible evidence. In this regard, counsel maintains that plaintiff has failed to properly support any "fact" as required to prevail at summary judgment. (Def.'s Objs. to Pl.'s Mot. for Summ. J. at 1-2.)

**ANALYSIS**

As an initial matter, plaintiff's motion for summary judgment fails to comply with Local Rule 260. Under Local Rule 260, motions for summary judgment must be accompanied by a "Statement of Undisputed Facts," enumerating discretely each of the specific material facts relied upon in support of the motion. Moreover, even if the court overlooks the defective nature of plaintiff's motion, the court concludes that based upon the evidence presented by plaintiff he has not borne the initial responsibility of demonstrating that there is no genuine issue of material

fact with respect to the adequacy of the medical care defendant Brown provided to him.

Specifically, the court will assume for the sake of argument that plaintiff's diabetes constitutes a serious medical need and that a failure to treat his condition could result in "further significant injury" and the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, the evidence presented by plaintiff fails to demonstrate that defendant Brown responded to plaintiff's serious medical needs with deliberate indifference. See Farmer, 511 U.S. at 834; Estelle, 429 U.S. at 106. It is well established that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Here, defendant Brown's refusal to provide plaintiff with his evening insulin shot on a single occasion may be characterized as "an 'isolated occurrence' or an 'isolated exception,'" which the Ninth Circuit has determined "militates against a finding of deliberate indifference." See McGuckin, 974 F.2d at 1060; Wood, 900 F.2d at 1334 ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect."). In this regard, based on plaintiff's evidence, defendant Brown's alleged misconduct on this one occasion cannot be said to amount to a failing of constitutional magnitude as a matter of law.

Nor does plaintiff's evidence necessarily demonstrate that defendant Brown acted in conscious disregard of an excessive risk to plaintiff's health. See Farmer, 511 U.S. at 837 "In order to know of the excessive risk, it is not enough that the person merely 'be aware of facts from which their inference could be drawn that a substantial risk of serious harm exists, [] he

1  must also draw that inference.'" See Gibson v. County of Washoe, 290 F.3d 1175 (9th Cir. 2002)
2  (quoting Farmer, 511 U.S. at 842).  Here, plaintiff has presented evidence suggesting that
3  defendant Brown's failure to provide plaintiff with his insulin shot was based in part on Brown's
4  belief, accurate or not, that plaintiff always refuses his insulin shots in any event.  Thus, from the
5  evidence submitted by plaintiff on summary judgment, it does not appear that defendant Brown
6  was aware of any substantial risk of serious harm to plaintiff if he did not receive his insulin shot
7  on the evening of June 29, 2009.  Certainly, plaintiff has not submitted any evidence to the
8  contrary.

9  Accordingly, because plaintiff has not submitted sufficient evidence establishing
10 that defendant Brown acted with deliberate indifference to his diabetes, plaintiff's motion for
11 summary judgment in his favor on his Eighth Amendment claim should be denied.

## CONCLUSION

13 IT IS HEREBY RECOMMENDED that plaintiff's motion for summary judgment
14 (Doc. No. 32) be denied.

15 These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
17 one days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
20 shall be served and filed within seven days after service of the objections.  The parties are
21 advised that failure to file objections within the specified time may waive the right to appeal the
22 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
23 DATED: April 11, 2012.

DAD:9
will2043.57

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE