IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL WILLIAMS,

    Plaintiff,                        No. 2:10-cv-2043 JAM DAD P

    vs.

JOHN HAVLIN, et al.,              ORDER SETTING

    Defendants.              SETTLEMENT CONFERENCE

/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.

        On June 26, 2012, the undersigned issued an order for the parties to inform the court if they wished to proceed with a mandatory settlement conference before the undersigned magistrate judge or have the case referred to the court's mediation program. On July 16, 2012, counsel for defendant Brown filed a waiver to have the undersigned preside over a settlement conference in this case. However, plaintiff filed a motion to have the case referred to the court's mediation program.

        Good cause appearing, the undersigned will refer this case to the court's mediation program. Magistrate Judge Craig M. Kellison will conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #2 on October

1

11, 2012 at 9:00 a.m.  A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on October 11, 2012, at 9:00 a.m. at the U.S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #2.

2. Defense counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendant's behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

4. Plaintiff's motion to have the case referred to the court's mediation program (Doc. No. 40) is granted.

DATED: July 30, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will2043.med

---

[1] The term "full authority to settle" means that the individuals attending the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).