IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL WILLIAMS,

    Plaintiff,                        No. 2:10-cv-2043 JAM DAD P

    vs.

JOHN HAVLIN et al.,

    Defendant.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.

        On October 17, 2012, defendant Brown filed a motion for judgment on the pleadings for failure to state a claim. However, according to the court's discovery and scheduling order, the parties were required to file all pretrial motions long ago, specifically on or before August 5, 2011. Defense counsel has not filed a motion to modify the court's scheduling order. See Johnson v. Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992). Nor has defense counsel otherwise shown good cause to modify the scheduling order as required. See Zivkovich v. Southern California Edison Co., 302 F.3d 1080 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify

/////

1

should not be granted."). Accordingly, defendant's motion for judgment on the pleadings will be stricken as untimely.

If defense counsel believes that he can establish that the defendant has good cause to act out of time, no small feat in light of the length of the delay, counsel may file a motion to modify the scheduling order within thirty days of the date of this order. However, counsel is advised that at the outset of this case during the screening process the court found that plaintiff's complaint appeared to state a cognizable claim under the Eighth Amendment. In this regard, if defense counsel is planning to file a motion for leave to act out of time, defense counsel should consider seeking leave to file a motion for summary judgment and not a motion for judgment on the pleadings for failure to state a claim. If counsel chooses not to file a motion to modify the scheduling order the court will schedule this matter for the filing of pretrial statements, pretrial conference, and jury trial.

Also pending before the court is plaintiff's motion to schedule this case for trial. The court will deny plaintiff's motion as unnecessary. The court will issue any further scheduling orders in this matter at the appropriate time without a motion by a party.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Brown's motion for judgment on the pleadings (Doc. No. 50) is stricken as untimely. Within twenty-one days of the date of this order, defense counsel may file a motion to modify the scheduling order to file a dispositive motion; and

2. Plaintiff's motion to schedule this matter for trial (Doc. No. 59) is denied as unnecessary.

DATED: July 3, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will2043.oot